IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JAMIE BARD, | ) |
| | ) Civil Action No. 3:23-cv-00976 |
| Plaintiff, | ) |
| | ) JUDGE RICHARDSON |
| v. | ) MAGISTRATE JUDGE FRENSLEY |
| | ) |
| MARCO QUIROZ, JUAN RAMIREZ, | ) |
| and FORZA TRANSPORTATION | ) JURY DEMAND |
| SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Jamie Bard, for cause of action against Defendants Marco Quiroz, Juan Ramirez and Forza Transportation Services, Inc., would show the Court as follows:

### Parties

1. Plaintiff Jamie Bard is an adult citizen and resident of Big Sandy, Benton County, Tennessee.

2. On information and belief Defendant Marco Quiroz is an adult Mexican citizen and resident of Mexico.

3. On information and belief Defendant Juan Ramirez is an adult Mexican citizen and resident of Mexico.

4. On information and belief Defendant Forza Transportation Services, Inc., is a registered corporation doing business in Laredo, Texas, and may be served with process through its registered agent, Roberto Perez Jr. at 16360 US Highway 83 N., Laredo, Texas 78045.

### Jurisdiction and Venue

5. Because this is a tort action for unliquidated damages in excess of $25,000.00, the Circuit Court has subject matter jurisdiction pursuant to Tenn. Code Ann. § 16-10-101.

6. The incident described in this Complaint occurred in Williamson County, Tennessee, therefore venue is proper in this county pursuant to Tenn. Code Ann. § 20-4-101.

**Factual Background**

7. On or about February 15th, 2023, Plaintiff Jamie Bard was operating a motor vehicle westbound on Interstate 40, in Williamson County, Tennessee.

8. At the same time and location, Defendant Marco Quiroz was parked on the right shoulder lane of Interestate 40, in Williamson County, Tennessee.

9. At the same time and location, Defendant Juan Ramirez was parked on the right shoulder lane of Interestate 40, in Williamson County, Tennessee.

10. Defendant Marco Quiroz caused a crash involving the vehicle Plaintiff Jamie Bard was operating.

11. Defendant Juan Ramirez caused a crash involving the vehicle Plaintiff Jamie Bard was operating.

12. Defendant Marco Quiroz is 100% at-fault for the collision.

13. Defendant Juan Ramirez is 100% at-fault for the collision.

14. Defendant Marco Quiroz failed to obey traffic laws in parking his vehicle.

15. Defendant Juan Ramirez failed to obey traffic laws in parking his vehicle.

16. Defendant Marco Quiroz failed to place emergency reflective triangles 10 feet, 100 feet and 100 feet behind the rear of his semi-trailer.

17. Defendant Juan Ramirez failed to place emergency reflective triangles 10 feet, 100 feet and 100 feet behind the rear of his semi-trailer.

18. Defendant Marco Quiroz failed to comply with the Federal Motor Carrier Safety Regulations.

19. Defendant Juan Ramirez failed to pay proper attention.

20. The reflective triangles, which Defendant Marco Quiroz failed to use, are 18 inches in height and when struck or ran over by an automobile are designed to make noise, providing a driver time and distance to respond. The other contributing factor in the collision, is the altitude and azimuth of the lighting and lighting conditions at the time of the collision, which prevented Plaintiff from being able to see and safely maintain control of his vehicle.

21. The reflective triangles, which Defendant Juan Ramirez failed to use, are 18 inches in height and when struck or ran over by an automobile are designed to make noise, providing a driver time and distance to respond. The other contributing factor in the collision, is the altitude and azimuth of the lighting and lighting conditions at the time of the collision, which prevented Plaintiff from being able to see and safely maintain control of his vehicle.

22. Defendant Marco Quiroz failed otherwise to use reasonable and due care in the operation of the vehicle he was operating so as to avoid injury to other persons using the roadway, including Plaintiff Jamie Bard.

23. Defendant Juan Ramirez failed otherwise to use reasonable and due care in the operation of the vehicle he was operating so as to avoid injury to other persons using the roadway, including Plaintiff Jamie Bard.

24. Based on Defendant Marco Quiroz's conduct described herein, he was negligent.

25. Based on Defendant Juan Ramirez's conduct described herein, he was negligent.

26. Defendant Marco Quiroz's violated Tenn. Code Ann. § 55-8-136 by failing to exercise due care to avoid colliding with the vehicle Plaintiff Jamie Bard was operating, by failing

3

Case 3:23-cv-00976  Document 20  Filed 08/21/24  Page 3 of 9 PageID #: 141

to maintain a safe lookout, by failing to keep the vehicle he was operating under proper control, and by failing to devote full time and attention to operating the vehicle he was driving, under the existing circumstances to avoid endangering life, limb or property. He further violated FMCSR § 392.22 by failure to place reflective triangles and comply with parking rules and regulations for Defendant's vehicle.

27. Defendant Juan Ramirez's violated Tenn. Code Ann. § 55-8-136 by failing to exercise due care to avoid colliding with the vehicle Plaintiff Jamie Bard was operating, by failing to maintain a safe lookout, by failing to keep the vehicle he was operating under proper control, and by failing to devote full time and attention to operating the vehicle he was driving, under the existing circumstances to avoid endangering life, limb or property. He further violated FMCSR § 392.22 by failure to place reflective triangles and comply with parking rules and regulations for Defendant's vehicle.

28. Based on Defendant Marco Quiroz's conduct described herein, Defendant Marco Quiroz was negligent *per se*.

29. Based on Defendant Juan Ramirez's conduct described herein, Defendant Juan Ramirez was negligent *per se*.

30. At all times relevant to the matters alleged herein, Defendant Forza Transportation Services, Inc., was the owner of the vehicle that Defendant Marco Quiroz was operating at the time of the collision.

31. Plaintiff Jamie Bard invokes the presumptions of Tenn. Code Ann. § 55-10-311 and 312.

32. At all times relevant to the matters alleged herein, Defendant Forza Transportation Services, Inc., was the owner of the vehicle that Defendant Juan Ramirez was operating at the time of the collision.

33. Plaintiff Jamie Bard invokes the presumptions of Tenn. Code Ann. § 55-10-311 and 312.

34. At all times relevant to the matters alleged herein, Defendant Marco Quiroz was operating the vehicle with the permission of Defendant Forza Transportation Services, Inc.

35. At all times relevant to the matters alleged herein, Defendant Marco Quiroz was an agent, employee, or both of Defendant Forza Transportation Services, Inc.

36. At all times relevant to the matters alleged herein, Defendant Marco Quiroz was acting in the course and scope of his agency, employment, or both on behalf of Defendant Forza Transportation Services, Inc.

37. At all times relevant to the matters alleged herein, Defendant Forza Transportation Services, Inc., is vicariously responsible for the negligent acts, omissions, or both of Defendant Marco Quiroz under the doctrine of *respondeat superior*.

38. At all times relevant to the matters alleged herein, Defendant Forza Transportation Services, Inc., knew or reasonably should have known of Defendant Marco Quiroz's propensity to operate vehicles in a negligent manner so as to create an unreasonable risk of harm to others.

39. Based on Defendant Marco Quiroz's violations of the statutes set out herein, among others, Defendant Marco Quiroz was guilty of acting maliciously, intentionally, fraudulently or recklessly.

40. At all times relevant to the matters alleged herein, Defendant Forza Transportation Services, Inc., was the owner of the semi-trailer that Defendant Marco Quiroz was operating at the time of the collision.

41. At all times relevant to the matters alleged herein, Defendant Juan Ramirez was operating the vehicle with the permission of Defendant Forza Transportation Services, Inc.

42. At all times relevant to the matters alleged herein, Defendant Juan Ramirez was an agent, employee, or both of Defendant Forza Transportation Services, Inc.

43. At all times relevant to the matters alleged herein, Defendant Juan Ramirez was acting in the course and scope of his agency, employment, or both on behalf of Defendant Forza Transportation Services, Inc.

44. At all times relevant to the matters alleged herein, Defendant Forza Transportation Services, Inc., is vicariously responsible for the negligent acts, omissions, or both of Defendant Juan Ramirez under the doctrine of *respondeat superior*.

45. At all times relevant to the matters alleged herein, Defendant Forza Transportation Services, Inc., knew or reasonably should have known of Defendant Juan Ramirez's propensity to operate vehicles in a negligent manner so as to create an unreasonable risk of harm to others.

46. Based on Defendant Juan Ramirez's violations of the statutes set out herein, among others, Defendant was guilty of acting maliciously, intentionally, fraudulently or recklessly.

47. Based on Defendant Jamie Quiroz's violations of the statutes set out herein, among others, Defendant Forza Transportation Services, Inc. was negligent in its hiring practices.

48. At all times relevant to the matters alleged herein, Defendant Forza Transportation Services, Inc. knew or reasonably should have known of Defendant Quiroz's propensity to operate vehicles in a negligent manner so as to create an unreasonable risk of harm to others.

49. Defendant Forza Transportation Services, Inc.'s negligent entrustment of its vehicle to Defendant Quiroz is the direct and proximate cause of the collision and Plaintiff Quiroz's injuries and damages.

50. Defendant Forza Transportation Services, Inc. negligently hired, retained, trained, and/or supervised Defendant Quiroz which was a direct and proximate cause of the collision and Plaintiff's injuries and damages.

51. Plaintiff has incurred medical bills and other expenses as a direct and proximate result of the collision.

52. Plaintiff has endured physical pain and mental suffering as a direct and proximate result of the collision.

53. Plaintiff has suffered loss of enjoyment of life as a direct and proximate result of the collision. Plaintiff has suffered lost wages, loss of earning capacity, or other out of pocket expenses, or some combination thereof, as a direct and proximate result of the collision.

54. Plaintiff seeks to recover for all of Plaintiff's damages allowed under Tennessee law.

**WHEREFORE,** Plaintiff prays for the following relief:

1) Because Tennessee law requires a party filing a lawsuit to assert a maximum dollar figure of damages sought, Plaintiff respectfully asserts a claim for judgement for compensatory damages against Defendants, jointly and severally, in an amount to be determined by the jury but not to exceed $2,000,000.

2) An award of all discretionary costs and court costs;

3) Punitive damages based on the failure of Defendant Forza Transportation Services, Inc. to properly train and/or supervise the Defendant Marco Quiroz which was owned and/or

operated with permission or direction from Defendant Forza Transportation Services, Inc.; and,

4) Such other and further relief as shall be deemed reasonable, just, and necessary.

Dated this the 21st day of August 2024.

Respectfully Submitted,

**MORGAN & MORGAN – NASHVILLE**

_____
Joseph C. Johnsen (BPR #25484)
810 Broadway, Suite 105
Nashville, TN  37203
Phone: (629) 221-6511
Fax: (629) 221-6533
jcjohnsen@forthepeople.com
*Attorney for Plaintiff*

8

## CERTIFICATE OF SERVICE

I do hereby certify that a true and exact copy of the foregoing has been sent electronically or by U.S. Mail, postage, prepaid to the following on this the 21st day of August, 2024.

Angela Cirina Kopet, BPR 017921
Lauren M. Turner, BPR 028283
735 Broad Street, Suite 1100
Chattanooga, TN 37402
Phone: 423-713-7075
Fax: 423-648-2283
akopet@csvl.law
lturner@csvl.law
*Attorney for Defendants*

Erin M. Roche
GEICO Advantage Insurance Company
7003 Chadwick Drive Suite 155
Brentwood, TN 37027
615-370-9871
erroche@geico.com
*Attorney for Unnamed Defendant*

Marco Quiroz
Calle Miguel Hidalgo, II
Metepec de Mexico, 52140

Juan Ramires
Marebes #100
Toluco Eob de Mexico, 51350

_____
JOSEPH C. JOHNSEN